## HENRY BAW v. THE STATE.

### *No. 603.    Decided December 6.*

**1. Change of Venue—Controverting Affidavits.**—On a motion for change of venue, where the State had filed controverting affidavits attacking the credibility and means of knowledge of the compurgators, *Held*, that the filing of additional affidavits by the State denying *the truth* of the facts set up in the motion and deposed to by the compurgators, while not required by the law (Code Crim. Proc., art. 583), could not impair the controverting affidavits nor injure defendant.

**2. Same.**—The district attorney is not required to make or sign the controverting affidavits to a motion for change of venue, though he may do so when cognizant of the facts.

**3. Same—Prejudice and Combination—Practice on Appeal.**—This court, on appeal, has invariably refused to disturb the refusal of the trial court to change the venue in a criminal case where the great weight of testimony on the motion negatives the existence of prejudice or fails to show the existence of the combination of influential persons alleged.

**4. Continuance—"Excited Condition" of the Public Mind.**—An application for continuance based upon "the excited condition" of the public mind is too vague, and is no ground for continuance.

**5. Same.**—An application for continuance is properly overruled where it appears that the witnesses named in the application were present at the trial.

APPEAL from the District Court of Jefferson.    Tried below before Hon. STEPHEN P. WEST.

This appeal is from a conviction for assault with intent to murder, the punishment assessed being five years in the penitentiary.

Appellant and Green, the alleged injured party, occupied adjoining business houses, and they used water from the same cistern.    The faucet of this cistern got out of order and was leaking.    Green sent his porter to fix it, and Baw came out and began to interfere with the work.    Hearing this, Green went out, sent for a new faucet, and went to work to put it in.    Defendant objected, and finally Green told him if he did not go away he would slap the p—ss out of him.    At this defendant, who was standing upon the steps of the stairway leading to his apartments, drew a 38-caliber pistol and commenced firing upon Green.    Green retreated and finally fell over behind some beer kegs into a coal box, in order to get out of the way.    Defendant advanced and continued to shoot until his loads were exhausted.    About this time he was arrested by an officer.    Green was wounded five times— twice in each arm and once in one of his legs.

No further statement is necessary.

No briefs with the record.

DAVIDSON, JUDGE.—Controverting the motion to change the venue, the State filed affidavits of Green, Tevis, and Denman, attack-

ing the credibility and means of knowledge of Roehl and Nussbaum, appellant's compurgators. Additional affidavits were filed by the State denying the truth of the facts set up in the motion to change venue and in the supporting affidavits, which were excepted to by appellant. The exceptions were overruled. While such affidavits may not have been required by law, they did not impair the controverting affidavits of Green, Tevis, and Denman, and we can see no possible injury that could have accrued on account of this having been filed. Nor was it necessary that the district attorney, or some one representing the State, should have signed the controverting affidavits, though he may have done so with propriety had he been cognizant of the facts stated. This may be done by any credible person. Dunn v. The State, 7 Texas Crim. App., 600; Willson's Crim. Proc., secs. 2209, 2210.

The refusal to change the venue was not error. The great weight of the testimony adduced upon the trial of the motion negatives the existence of the prejudice alleged, and the evidence does not show the existence of the combination of influential persons set up. Under such state of case this court has invariably refused to disturb the ruling of trial courts refusing applications to change venue. Willson's Crim. Proc., sec. 2212. Application for continuance was based upon alleged "excited condition" of the public mind, as well as for the testimony of certain named witnesses. "Excited condition" is too vague to be considered, and, if fully stated as to details and facts, does not constitute ground for continuance. It might be considered in connection with motion for change of venue. Miller v. The State, 31 Texas Crim. Rep., 609.

If it be conceded that it might operate as a cause for continuance, the record does not show its probable truth when viewed from the standpoint of the motion for a new trial.

The witnesses mentioned in the application were all present at the trial, one of whom testified in the case, and the remainder were not called on to testify. The continuance was properly refused.

The charge was correct. It submitted every issue suggested by the evidence, and favorably to the defendant. The testimony fully supports the conviction.

*Affirmed.*

Judges all present and concurring.